# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

ANTONIO L. BLACK,

                                 :

         Petitioner,                     Case No. 3:02-cv-515

                                 :        District Judge Walter Herbert Rice
    -vs-                            Chief Magistrate Judge Michael R. Merz

MARGARET BAGLEY, Warden,

                                 :

         Respondent.

---

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

---

This habeas corpus action is before the Court on Petitioner's Motion for Reconsideration of Habeas Corpus Petition (Doc. No. 19).  The Motion was filed within the required ten days after judgment and thus qualifies as a motion to amend the judgement under Fed. R. Civ. P. 59.  As a post-judgment motion, it is before the Magistrate Judge for report and recommendations under 28 U.S.C. §636(b)(3).

The Petition herein was dismissed with prejudice as untimely under the statute of limitations. Petitioner repeats in the current Motion the argument he made in his Objections to the Supplemental Report and Recommendations (Doc. No. 15), to wit, that the Court has erred by not counting the time within which he could have petitioned the United States Supreme Court to grant a writ of certiorari after the Ohio Supreme Court denied leave to appeal from the Ohio Court of Appeals denial of delayed reopening of the direct appeal.

The Petitioner, the Respondent, and the Court all concluded in prior filings in this case that

the statute of limitations was tolled during the time when the application for delayed reopening was pending in the Ohio courts. Mr. Black seeks to tack the ninety-day certiorari period on to the end of that time. However, the prior conclusion that the statute was tolled during pendency of the Ohio App. R. 26(B) application depended on the authority of *Bronaugh v. Ohio*, 235 F.3d 280 (6th Cir. 2000), which held that an untimely application under Rule 26(B) tolls the statute of limitations during its pendency. While *Bronaugh* was good law at the time the Report and Supplemental Report were filed, it has been overruled during the pendency of Petitioner's Objections. In *Lopez v. Wilson*, 426 F. 3d 339 (6th Cir. 2005)(*en banc*), the court expressly overruled *White v. Schotten,* on which *Bronaugh* depended, and held that 26(B) proceedings are collateral attacks on the judgment and not part of the direct appeal process. More importantly, in *Pace v. DiGuglielmo*, 125 S. Ct. 1807 (2005), the Supreme Court held that a postconviction petition rejected by the state courts as untimely is not "properly filed" within 28 U.S.C. §2244(d)(2).

Mr. Black's Application for Delayed Reopening under Ohio App. R. 26(B) was filed more than ninety days after judgment in the Court of Appeals and was thus untimely; it was rejected on that basis by the Court of Appeals. Thus, in contrast to this Court's earlier reasoning in the Report and Supplemental Report, and in contrast to the calculation Petitioner tenders, the statute of limitations was not tolled by the pendency of Mr. Black's Application for Delayed Reopening. Thus the statute began to run on April 30, 2001, the last date on which Mr. Black could have appealed to the Ohio Supreme Court on direct appeal, and it was never tolled. It therefore expired on April 30, 2002. The Petition was not filed here until November 6, 2002, 555 days after the statute began to run. The Petition was 190 days late instead of the 83 days originally calculated by the Court.

Accordingly, it is respectfully recommended that the Motion to Reconsider be denied and

-2-

that Petitioner again be denied a certificate of appealability and leave to appeal *in forma pauperis*,

in that reasonable jurists would not disagree with this conclusion.

April 11, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).