# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTONIO L. BLACK,

    Petitioner,

        -vs-

MARGARET BAGLEY, Warden,

    Respondent.

:

:

:

Case No. C-3-02-515

District Judge Walter Herbert Rice
Chief Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS ON APPEAL *IN FORMA PAUPERIS*

This habeas corpus action is before the Court on Petitioner's Notice of Appeal (Doc. No. 22). Petitioner seeks to appeal to the Sixth Circuit from both this Court's decision on the merits (Doc. Nos. 17, 18) and this Court's denial of his Motion for Reconsideration (Doc. No. 21). Plaintiff has not paid the filing fee for an appeal and presumably seeks to appeal *in forma pauperis*.

The Sixth Circuit Court of Appeals requires that all district courts in the Circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis,* whether the appeal is frivolous. *Floyd v. United States Postal Service*, 105 F. 3d 274 (6th Cir. 1997).

28 U.S.C. §1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  If the district court denies the individual leave to proceed in forma pauperis on appeal, the party may file, within thirty days after service of the district court's decision as prescribed for by Fed. R.App. P. 24(a)(4), a motion with the Court of Appeals for leave to proceed as a pauper on appeal. The party's motion must include

a copy of the affidavit filed in the district court and the district court's statement as to its reasons for denying pauper status on appeal. See Fed. R.App. P. 24(a)(5). *Callihan v. Schneider,* 178 F. 3d 800, 803 (6th Cir. 1999), holding *Floyd v. United States Postal Service*, 105 F. 3d 274 (6th Cir. 1997), superseded in part by 1998 amendments to Fed. R.App. P. 24.

The test under §1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue not frivolous. *Coppedge v. United States,* 369 U.S. 438, 445-46, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).  Thus an appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal.  This test will often be difficult to apply in any conclusive manner at the district court level because only a bare notice of appeal is before the District Court;  it will often be unable to evaluate the issues appellant intends to raise on appeal because the appellant has no occasion to reveal those issues in a notice of appeal.

The Notice of Appeal appears to be timely in that it appears to have been sent to the Court of Appeals on June 1, 2006.  Petitioner's time to appeal from the decision on the merits was extended by his timely filing of the Motion for Reconsideration.

Nevertheless, the Court has already denied leave to appeal *in forma pauperis* and the statements made in Petitioner's Notice of Appeal add nothing to his previous argument.  The Petition was dismissed as barred by the statute of limitations because it was filed 448 days after the conviction became final.  Petitioner asserted, both initially and in his Notice of Appeal, that the 90 days during which he could have sought a writ of certiorari from the United States Supreme Court should have been deducted from that time.  As pointed out initially, the Supreme Court only has certiorari jurisdiction under 28 U.S.C. §1257 from the judgment of the highest state court in which

a decision could be obtained.  Because Petitioner did not attempt to obtain a decision from the Ohio Supreme Court on direct appeal, he is not entitled to that additional 90 days because the U.S. Supreme Court would not have had jurisdiction of the case.

Because Petitioner has appealed despite the Court's determination that he was not entitled to do so *in forma pauperis*, he should be required to pay the appellate filing fee of $455 and the Court should enter an order assessing that fee.

June 19, 2006.

                                                          s/ Michael R. Merz
                                          Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).